701 P.2d 1204

**The STATE of Arizona, Appellee,**

v.

**Mark Anthony PAXTON, Appellant.**

**No. 2 CA–CR 3208.**

Court of Appeals of Arizona,
Division 2, Department A.

March 4, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and R. Wayne Ford, Phoenix, for appellee.

John R. Ditsworth, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant was convicted of arson of an occupied structure, and the court found that the offense was of a dangerous nature. Appellant seeks to set aside his conviction because he was denied the right to conduct post-trial interviews of the jurors in the case. He claims that 1) appellant has an inherent right to do so under Rule 24.1 of the Arizona Rules of Criminal Procedure, 2) that public policy supports such right, and 3) that the constitutional guarantee of an impartial jury requires a right to interview jurors.

After the appellant was found guilty, the jury was polled. At the conclusion of the trial, the trial judge ordered that there be no contact or communication with the jurors unless a motion with accompanying affidavit establishing good cause was granted. Appellant's motion to interview the jurors was based on the fact that two jurors were visibly upset after the verdict and one of them was crying.

The general rule in Arizona is that a jury cannot impeach its own verdict. *State v. Rose*, 121 Ariz. 131, 589 P.2d 5 (1978). Rule 24.1(c)(3), Rules of Criminal Procedure, 17 A.R.S., sets forth grounds upon which jury misconduct may require a new trial. They are summarized as follows:

(i) receiving evidence not properly admitted during the trial;

(ii) deciding the verdict by lot;

(iii) perjury or failure to respond fully during voir dire;

(iv) receiving a bribe or pledging a vote;

(v) intoxication during deliberation;

(vi) conversing prior to verdict with any interested party.

The affidavit herein was speculative at best and does not provide sufficient grounds to warrant further investigation. There was no abuse of discretion in denial of the request to interview.

We do not believe that public policy supports changing our traditional rule, and we see no reason why the rule should not be adhered to in this case. Further, we do not find any United States or Arizona constitutional guarantee of a fair and impartial trial violated by the procedure followed herein.

We affirm.

BIRDSALL, P.J., and HOWARD, J., concur.